# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD A. CARPER,**
**Claimant Below, Petitioner**


**vs.)    No. 12-1388**  (BOR Appeal No. 2047166)
                      (Claim No. 2002044959)


**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**


**and**


**SYCAMORE CREEK INDUSTRIES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Richard A. Carper, by Steven Thorne, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 26, 2012, in which the Board affirmed an April 26, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 26, 2011, decision denying travel reimbursement. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Carper was injured on January 21, 2002, when he hit a pothole in the course of his employment as a truck driver, and the claim was held compensable for cervical sprain/strain. Mr. Carper received pain management care from David Caraway, M.D., who noted that Mr. Carper's cervical spine MRI revealed degenerative changes and herniated nucleus pulposi at C3-4, C4-5, and C6-7. He diagnosed Mr. Carper with a cervical sprain and brachial radiculitis, and treated him with Percocet, diclofenac, and Zanaflex, among other medications. On February 22, 2011, Jerry Scott, M.D., performed an independent medical evaluation and found that Mr. Carper's current treatment regimen appears generally directed at alleviating the symptoms associated with underlying degenerative changes. On July 26, 2011, the claims administrator denied Mr. Carper's request for travel reimbursement.

In its Order affirming the July 26, 2011, claims administrator's decision, the Office of Judges held that Mr. Carper has failed to demonstrate that the office visit for which travel reimbursement is being requested is medically related and reasonably necessary for the treatment of the compensable injury. Mr. Carper disputes this finding and asserts that the evidence of record demonstrates that the travel expenses for which he seeks reimbursement were incurred as a result of the compensable injury.

The Office of Judges found that the request for travel reimbursement received by the claims administrator is not contained in the evidentiary record. After reviewing the record, the Office of Judges concluded it is reasonable to assume that the request pertains to a July 14, 2011, office visit with Dr. Caraway, which was a three-month follow-up for continuation of the medications Percocet, diclofenac, and Zanaflex. Authorization for those medications was previously denied based on a finding that the medications are not medically related and reasonably necessary for the treatment of the compensable injury, and said denial was affirmed by this Court in Case Number 12-0939. Therefore, the Office of Judges concluded that the office visit which is the subject of the travel reimbursement request is not necessary for the treatment of the compensable injury. The Board of Review reached the same reasoned conclusions in its decision of October 26, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 18, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum